UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIRAM COLON,<br><br>       *Plaintiff,*<br><br>-against-<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND CAPITAL ONE FINANCIAL CORP,<br><br>       *Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Hiram Colon ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Capital One Financial Corp ("Capital One" or the "Furnisher Defendant"), and against Defendants Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (Equifax and Experian are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Pearl River, New York.

6. Defendant Capital One is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

9. Plaintiff is a victim of identity theft.

10. Plaintiff's son opened a Capital One account in June of 2021 ("Capital One Account") in Plaintiff's name without Plaintiff's knowledge or permission.

11. Capital One began to report the Capital One Account to Defendants Equifax and Experian.

12. Even after Plaintiff disputed the Capital One Account, Equifax and Experian reported the account to one or more third parties.

13. Among other examples of defamatory publications, Experian published the Capital One Account to JP Morgan Chase Bank on April 20, 2024 after Plaintiff disputed the Capital One Account. This publication defamed Plaintiff, thereby:

    a. Giving JP Morgan Chase Bank the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

14. Among other examples of defamatory publications, Equifax published the Capital One Account to The Home Depot on March 18, 2024 after Plaintiff disputed the Capital One Account. This publication defamed Plaintiff, thereby:

    a. Giving The Home Depot the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Experian Dispute*

15. On or around February 8, 2024, Plaintiff disputed the Capital One Account to Experian ("Experian Dispute").

16. Upon information and belief, Experian notified Capital One about the Experian Dispute.

17. After Plaintiff's dispute and upon information and belief, Capital One verified to Experian that the Capital One Account was reporting accurately even though Capital One could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

18. Experian, in turn, continued to report the disputed Capital One Account even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated February 29, 2024.

*Equifax Dispute*

19. On or around February 8, 2024, Plaintiff disputed the Capital One Account to Equifax ("Equifax Dispute").

20. Upon information and belief, Equifax notified Capital One about the Equifax Dispute.

21. After Plaintiff's dispute and upon information and belief, Capital One verified to Equifax that the Capital One Account was reporting accurately even though Capital One could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

22. Equifax, in turn, continued to report the disputed Capital One Account even though, had Equifax performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated February 23, 2024.

*Damages*

23. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

24. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

25. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

26. Each Defendants' publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including difficulty sleeping and frustration.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

27. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

28. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY CAPITAL ONE
## (FURNISHER DEFENDANT)

29. Because of its unlawful reporting and verifications of the Capital One Account, Furnisher Defendant Capital One is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the Capital One Account reporting on Plaintiff's Equifax and Experian credit reports after, upon information and belief, Capital One received notice of Plaintiff's disputes from both Experian and Equifax;

    b. failing to review all relevant information provided to Capital One by Experian and Equifax concerning Plaintiff's disputes of the Capital One Account;

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

    c. failing to promptly modify, delete, or permanently block the disputed Capital One Account that Capital One, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate; and

    d. falsely representing to Experian and Equifax that Plaintiff was responsible for the Capital One Account.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY EXPERIAN AND EQUIFAX**
**(CONSUMER REPORTING AGENCIES)**

*Violations of FCRA § 1681e(b)*

30. Experian and Equifax each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because both Experian and Equifax did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Capital One Account.

*Violation of FCRA § 1681i*

31. Equifax and Experian each violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Capital One Account after Plaintiff disputed its accuracy to determine whether the Capital One Account was accurately reporting.

32. Equifax and Experian each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Capital One Account.

33. Equifax and Experian each violated FCRA § 1681i(a)(5) by failing to promptly delete the Capital One Account from their respective consumer files for Plaintiff despite the fact that

Equifax and Experian each, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

> */s/ Brett D. Sherman*
> Brett D. Sherman
> **Sherman & Ticchio PLLC**
> brett@st-legal.com
> 120 N. Main Street Suite 302(b)
> New City, NY 10956
> 212.324.3874